**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 25-9-DLB**

**JHAMAR JACKSON, A.K.A. JHARMAR JACKSON[1]**                    **PETITIONER**

**VS.**                              **MEMORANDUM ORDER**

**WARDEN ENTZEL**                                        **RESPONDENT**

*** *** *** ***

Federal inmate Jhamar Jackson, a.k.a. Jharmar Jackson, filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in which he suggests that the Federal Bureau of Prisons (BOP) incorrectly determined that he is ineligible to earn First Step Act (FSA) time credits.  (Doc. # 1).  Jackson's petition is now before the Court on initial screening pursuant to 28 U.S.C. § 2243.

The Court has reviewed Jackson's submission but will deny his request for relief. As an initial matter, Jackson acknowledges that he pled guilty to multiple federal crimes in the United States District Court for the Eastern District of Virginia, including conspiracy to distribute fentanyl in violation of 21 U.S.C. § 846 and possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c).  (*See* Doc. # 1 at 2). Jackson was then sentenced to 60 months in prison for his § 846 conviction and 60 months in prison for his § 924(c) conviction, and the Eastern District of Virginia ordered

---

[1] While the Petitioner refers to himself as Jhamar Jackson (Doc. # 1), the Federal Bureau of Prisons' publicly available records refer to him as Jharmar Jackson.  *See* Federal Bureau of Prisons' Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Jan. 22, 2025).

those sentences to be served consecutively, for a total of 120 months in prison. (*See id.*; *see also United States v. Jharmar Jackson*, No. 1:21-cr-213, at Doc. # 73 (E.D. Va. 2021)).

This Court recognizes that the FSA allows a prisoner to earn time credits towards pre-release custody or supervised release if he successfully participates in evidence-based recidivism reduction programs and other productive activities. *See* 18 U.S.C. § 3632(d)(4). However, the FSA also provides that a prisoner is ineligible to receive such time credits if he is serving a sentence for a disqualifying offense, and the statute specifically includes possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) as one such disqualifying offense. *See id.* at § 3632(d)(4)(D)(xxii). Given Jackson's conviction under § 924(c), the BOP apparently determined that he was ineligible to earn FSA time credits.

Jackson does not dispute the foregoing facts. Instead, Jackson implies that he is currently serving time for his § 846 conviction (which he says is not a disqualifying offense), and, as a result, he should be able to earn FSA time credits against that portion of his sentence. However, 18 U.S.C. § 3584(c) provides that the BOP shall aggregate multiple prison sentences "for administrative purposes," and many courts, including this one, have upheld the BOP's decision to aggregate sentences for FSA time credit purposes. *See, e.g., Ledford v. LeMaster*, No. 0:23-cv-030-DLB, 2023 WL 2905376 (E.D. Ky. 2023). In fact, the United States Court of Appeals for the Sixth Circuit has specifically affirmed such a decision from this Court, saying that it "did not err in concluding that [Petitioner's] aggregated sentence precluded him from receiving earned time credit under the FSA and denying his § 2241 petition." *Keeling v. LeMaster*, No. 22-6126, 2023 WL 9061914, at *1

2

(6th Cir. Nov. 22, 2023).  Thus, Jackson's argument that his "separate convictions cannot be aggregated" (Doc. # 1 at 5) is simply unavailing.

Accordingly, it is **ORDERED** as follows:

(1)    Jackson's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED**;

(2)    This action is **STRICKEN** from the Court's docket; and

(3)    The Court will enter a corresponding Judgment.

This 30th day of January, 2025.

Signed By:

David L. Bunning

United States District Judge

G:\Judge-DLB\DATA\ORDERS\PSO Orders\Jackson 0-25-009 Memorandum.docx